# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-02-00717-CR

**Gerald Nelson Lee, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NO. 01-199-K368, HONORABLE DON HUMBLE, JUDGE PRESIDING**

### M E M O R A N D U M   O P I N I O N

A jury found appellant Gerald Nelson Lee guilty of aggravated perjury and assessed punishment at imprisonment for four years. *See* Tex. Pen. Code Ann. § 37.03 (West 2003). Appellant contends his conviction rests on the testimony of only one witness, and he otherwise challenges the legal and factual sufficiency of the evidence. He also contends the perjury statute was unconstitutionally applied against him. We will overrule these contentions and affirm the conviction.

In 1997, appellant was convicted for two counts of indecency with a child by contact and three counts of aggravated sexual assault of a child. *See* Tex. Pen. Code Ann. § 21.11 (West 2003), § 22.021 (West Supp. 2004). These acts occurred during the years 1988 to 1991, at a time

when appellant was married to the complainant's mother. The complainant made an outcry to his mother in 1991. Although she soon thereafter instituted divorce proceedings, the complainant's mother did not report the abuse to the police until 1996. During the resulting investigation, the complainant's mother secretly recorded a telephone conversation with appellant. This recording was introduced in evidence at the 1997 trial after certain portions were redacted to remove references to inadmissible facts.

Appellant's conviction was affirmed by this Court and discretionary review was refused. *Lee v. State*, No. 03-97-00429-CR, 1999 Tex. App. LEXIS 1230 (Tex. App.—Austin Feb. 25, 1999, pet. ref'd) (not designated for publication). Appellant subsequently filed a post-conviction habeas corpus application. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2004). In a supporting affidavit attached to the application, appellant stated, among other things: (1) "I am innocent of the crimes of sexual assault and indecency with a child for which I have been convicted"; (2) that during the recorded telephone conversation with his former wife, they discussed the fact that "I had denied all of the accusations of molesting made by [the complainant]"; (3) "It is my belief that [Officer Dan] LeMay erased from this tape the sections of the telephone conversation where I denied that I had molested [the complainant]"; and (4) "These sections of the conversation have been removed from the supposedly unredacted tape." In its perjury indictment, the State alleged in four paragraphs that the quoted statements were false, made with knowledge of their meaning and with intent to deceive, and material to an official proceeding. The court's charge authorized a conviction on any one paragraph, and the jury returned a general verdict of guilty.

Appellant contends the evidence is legally insufficient to prove the materiality of the alleged statements. A statement is material if it could have affected the course or outcome of the official proceeding. Tex. Pen. Code Ann. § 37.04(a) (West 2003). Whether a statement is material in a given factual situation is a question of law. *Id*. § 37.04(c). Without objection, the trial court instructed the jury that the statements in question, "if made, would be material." We understand appellant to argue that this instruction should not have been given because no rational trier of fact could have found this element of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981).

The question of materiality does not depend on the probative value of evidence. *Yarbrough v. State*, 617 S.W.2d 221, 228 (Tex. Crim. App. 1981). In any event, Judge Burt Carnes testified that he presided at appellant's 1997 trial, the post-conviction habeas corpus application was assigned to his court, the habeas corpus proceeding was an official proceeding, and the statements in appellant's affidavit, if true, would directly bear on the credibility of the trial witnesses and could have affected the outcome of the habeas corpus proceeding. Appellant's assertion that there was no evidentiary basis for the materiality instruction is without merit.

Appellant also argues that the trial court erred by finding his statements to be material because they were not, on their face, sufficient to entitle him to habeas corpus relief on the ground of actual innocence. The issue, however, is not whether the statements would have entitled appellant to habeas corpus relief, but whether the statements could have affected the outcome of the proceeding. Tex. Pen. Code Ann. § 37.04(a).

3

There are two types of actual innocence claims: (1) a *Herrera*-type claim in which the applicant asserts his innocence based solely on newly discovered evidence; and (2) a *Schlup*-type claim in which the applicant's claim of innocence is tied to a showing of constitutional error at trial. *Ex parte Franklin*, 72 S.W.3d 671, 675 (Tex. Crim. App. 2002) (citing *Herrera v. Collins*, 506 U.S. 390 (1993) and *Schlup v. Delo*, 513 U.S. 298 (1995)). Appellant's habeas corpus application was not introduced in evidence below and is not before us. In his brief to this Court, appellant discusses only *Herrera*-type claims, but the claim that a police officer deliberately destroyed exculpatory evidence would arguably support a *Schlup*-type claim as well.

In a *Herrera*-type proceeding, the habeas corpus applicant must prove by clear and convincing evidence that a jury would acquit him based on his newly-discovered evidence. *Ex parte Elizondo*, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996). In a *Schlup*-type proceeding, the applicant must show that the constitutional error more likely than not resulted in the conviction of an innocent person. *Ex parte Franklin*, 72 S.W.3d at 676. Under either standard, the court below correctly concluded as a matter of law that appellant's sworn statements in support of his habeas corpus application could have affected the outcome of the proceeding. Point of error one is overruled.

Next, appellant urges that the evidence is factually insufficient to support the findings that he knew the alleged statements were false and made the statements with the intent to deceive. A factual sufficiency review asks whether a neutral review of all the evidence, both for and against the finding of guilt, demonstrates that the proof of guilt is either so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the jury's determination. *See Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

Officer Dan LeMay supervised the 1996 investigation of the sexual misconduct allegations made against appellant. At his suggestion, the complainant's mother called appellant on the telephone and secretly recorded the conversation. Both LeMay and the complainant's mother identified State's exhibit 7 as the original, unredacted tape recording. The recording was played for the jury in its entirety. At one point in the conversation, the complainant's mother asked appellant, "[W]as touching all that happened? Was there something else? I mean was it oral? Was it anal?" Appellant replied, "No, there was no anal. There was no oral. There was a lot — a lot of touching." She then asked appellant, "Was fondling all it was, Jerry?" He answered, "Yes. I never had any intercourse with him, at all." She asked, "Did you just fondle him? Or did he fondle you? Or what was the deal?" He answered, "Both." Throughout the conversation, appellant expressed his remorse for his conduct with the complainant. At no point did he deny the complainant's accusations or refer to any previous denials.

The complainant's mother testified that exhibit 7 was a true and correct record of the telephone conversation. LeMay testified that he did not alter the tape recording in any way. Kenneth Marr, an FBI forensic audio examiner, testified that he examined exhibit 7 and found "no indication of any alterations, no over-recordings, no other information that was inserted at any point in the tape."

Appellant's mother testified that in 1999, she took a copy of the subject tape recording to a company called Accessible Sounds in Houston for analysis. She said that the analyst, Ken Bujnock, wrote her a letter summarizing his findings. She testified, "In the letter he said he had checked digital and, I think, audio. I don't understand a lot of that. But there was approximately 47

5

edits. Not necessarily all edits. But generally it was different noises and things. But there was some serious — I'm trying to use the right word — serious edits that should be looked into that he believed that was altering conversations."

We believe that the evidence, even when viewed in a neutral light, supports the conclusion that appellant knowingly lied and intended to deceive when he stated under oath that, during the recorded telephone conversation, he "denied all of the accusations of molesting made by [the complainant]," and that "[t]hese sections of the conversation have been removed from the supposedly unredacted tape." The proof of guilt is neither so obviously weak nor so greatly outweighed by contrary proof as to undermine confidence in the jury's determination. Point of error two is overruled.

In his third point, appellant urges that his conviction cannot stand because it rests solely on the testimony of the complainant's mother. "No person may be convicted of perjury or aggravated perjury if proof that his statement is false rests solely upon the testimony of one witness other than the defendant." Tex. Code Crim. Proc. Ann. art. 38.17 (West 1979).

The record contradicts appellant's assertion. In addition to the complainant's mother, Judge Carnes, LeMay, and Marr each testified to facts supporting the conviction. The jury also heard the tape recording itself. Point of error three is overruled.

Finally, appellant contends this prosecution violated his federal and state constitutional rights. He does not specify the rights violated, but we infer that he is claiming a violation of due process and due course of law. U.S. Const. amend. XIV; Tex. Const. art. I, § 13. Appellant argues, "The protected interest in this case is a defendant's right to make a habeas

6

application. . . . Due process requires that the State give a defendant the opportunity to be heard in a meaningful manner. The affidavit filed by Appellant is jurisdictional, in that it is required for application [for] a writ of habeas corpus. . . . By filing perjury charges against [him] based upon his assertion of his innocence[,] the State attacks a defendant's very right to be heard."

We do not hold that any person who unsuccessfully applies for post-conviction habeas corpus on actual innocence grounds may be prosecuted for perjury. We hold only that a habeas corpus applicant does not possess a constitutional right to commit perjury in furtherance of that application. "Perjured testimony is an obvious and flagrant affront to the basic concepts of judicial proceedings." *Butterfield v. State*, 992 S.W.2d 448, 450 (Tex. Crim. App. 1999). Appellant's contention that this prosecution for perjury was an attack on his right to be heard in the habeas corpus proceeding is without merit. Point of error four is overruled.

The judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Kidd and Puryear

Affirmed

Filed: February 12, 2004

Do Not Publish

7